Michael C. Manniello
Peter T. Roach & Associates, P.C.
125 Michael Drive, Ste 105
Syosset, NY 11791
516.938.3100 (x336)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x          Case No.: 14 CIV 8399
Rokayia Aglonu,

                      Plaintiff,             Briccetti, J.


        - against -

Peter T. Roach & Associates, P.C.,
Stephen Einstein & Associates, P.C.

                    Defendants.
-----------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS AGAINST PETER T. ROACH & ASSOCIATES, P.C.


                     Michael C. Manniello (3136)
                     Peter T. Roach & Associates, P.C.
                     125 Michael Drive, Ste 105
                     Syosset, NY 11791
                     516.938.3100 (x336)
                     michael.manniello@roachlawfirm.com

**Syosset, NY**
**January 22, 2015**

## <u>TABLE OF CONTENTS</u>

<u>**PAGE**</u>

ISSUE PRESENTED ....................................................................................3

POINT I
PLAINTIFF'S CLAIM AGAINST PETER T. ROACH & ASSOCIATES, P.C. IS
BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS. ......................3


CONCLUSION ..........................................................................................6

## ISSUE PRESENTED

1.      Any claim which Rokayia Aglonu purportedly has against Peter T. Roach & Associates, P.C. under the facts alleged in the Complaint is barred by the applicable one (1) year statute of limitations, which is not tolled by the "discovery rule", and therefore Aglonu has failed to state a cause of action against Peter T. Roach & Associates P.C.  and each and every claim against that defendant should be dismissed.

## POINT I

### PLAINTIFF'S CLAIM AGAINST PETER T. ROACH & ASSOCIATES, P.C. IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

The statute of limitations for a claim under the Fair Debt Collection Practices Act (FDCPA) is "one year from the date on which the violation occurs."  15 USC 1692k(d); see also *Benzemann v. Citibank N.A.*, 2014 U.S. Dist LEXIS 88030, 2014 WL 2933140 (SDNY 2014), req. denied, by 2014 U.S. Dist LEXIS 109939 (SDNY 2014).

The documentary evidence submitted in support of the within motion to dismiss and the Plaintiff's own pleading demonstrate that the conduct by Peter T. Roach & Associates (ROACH) which Plaintiff claims gave rise to her claim against ROACH occurred well beyond one (1) year prior to commencement of the within action.

3

The First Amended Complaint (Exhibit "A" to the moving papers) alleges liability against Defendant ROACH pursuant to the FDCPA for acts which purportedly occurred in wrongly bringing a State Court action in the Supreme Court of the State of New York, Westchester County under Index: 9610-11 ("State Court Action").  See Exhibit "A" – Amended Complaint at par. 32-50.

The Complaint alleges ROACH wrongfully obtained a judgment against Plaintiff[1] in the State Court Action. See Exhibit "A" - Complaint at par. 40.  The judgment referred to in the Complaint was entered on November 16, 2011.  See Exhibit "B" to the moving papers.  A copy of the judgment was mailed to Plaintiff on or about November 28, 2011 under cover of a letter dated November 28, 2011.  See Exhibit "C" to the moving papers.  Plaintiff alleges that on or about July 25, 2013 ROACH was substituted out of the State Court Action as attorney for the plaintiff therein and replaced by co-defendant herein - Stephen Einstein & Associates, P.C.  See Exhibit "A"- Amended Complaint at par. 51.

As is demonstrated by Plaintiff's own pleading, the latest date by which ROACH took any action or could have taken action in the State Court action against Plaintiff herein was July 25, 2013.  The action at bar was commenced on October 21, 2014 which is more than one (1) year beyond the time any action which allegedly violated the FDCPA was taken or could have been taken by ROACH against Plaintiff.

The Amended Complaint contains an allegation that it was not until sometime in

_____

1 The State Court action was brought against "ROKAYI WAHAB" which Plaintiff alleges was intended to be the

November of 2013 that Plaintiff discovered the judgment against her existed (See Exhibit "A" – Amended Complaint at par. 63 et. seq.). The Amended Complaint also contains an allegation that it was not until sometime in November of 2012 that Plaintiff discovered the judgment against her existed (See Exhibit "A" – Amended Complaint at par. 70).  Therefore while Plaintiff claims she should be afforded the benefit of the "discovery rule" when calculating the statute of limitations, she is unsure when she first became aware of the State Court Action.  However, as is demonstrated herein, application of the "discovery rule" would not benefit the Plaintiff in any way.

Plaintiff alleges that she should be afforded the  benefit of the "discovery rule" and argues that the statute of limitations runs not from the date that the alleged violation of the FDCPA occurred but from the date of the Plaintiff's discovery thereof which by her pleadings maybe November 2012 or November 2013.

In *Benzemann v. Citibank N.A.* (supra), the Court in the case at bar (Buchwald, J.) addressed the application of the "discovery rule" to 15 USC 1692k(d) at length, including its acceptance in other Circuits, and expressly rejected its application when determining whether or not the statute of limitations set out in application to 15 USC 1692k(d) has run.  The Court should apply that same standard in the case at bar and find that pursuant to the express language of 15 USC 1692k(d), Plaintiff's claim is barred by the applicable statute of limitations, and the Complaint should be dismissed as against ROACH pursuant to FRCP 12(b) 6.

Plaintiff herein.

*St. John's Univ. v. Bolton*, 757 F. Supp. 2d 144, 2010 U.S. Dist. LEXIS 136339 (E.D.N.Y. 2010), aff'd, 450 Fed. App. 81, 2011 U.S. App. LEXIS 24774 (2nd Cir. 2011); *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 402, 2005 U.S. Dist. LEXIS 35643, Fed. Sec. L. Rep. (CCH) P93, 656 (S.D.N.Y. 2005).

In any event, application of the "discovery rule" to the matter at bar would not benefit the Plaintiff and would not extend the statute of limitations. In support of the motion at bar, ROACH submits a copy of letter dated and dispatched November 28, 2011 whereby Plaintiff was notified of the judgment entered in the State Court Action. Therefore, allowing five days for receipt which is presumed, Plaintiff had knowledge of the State Court Action and judgment therein as early as December 2011. *Moore v. Shinseki*, 2010 U.S. Dist. LEXIS 28335, 2010 WL 1257914 (W.D.N.Y. Mar. 25, 2010). Accordingly application of the "discovery rule" would not extend the statute of limitations beyond July 25, 2014.

## CONCLUSION

For all the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety as against defendant PETER T. ROACH & ASSOCIATES, P.C.

Syosset, NY
January 22, 2015

Respectfully submitted,

S/ *Michael C. Manniello*
Michael C. Manniello (3136)
Peter T. Roach & Associates, P.C.
125 Michael Drive, Ste 105
Syosset, NY 11791
516.938.3100 (x336)
michael.manniello@roachlawfirm.com