Anthony S. Poulin, Esq.
Stephen Einstein & Associates, P.C.
20 Vesey Street, Ste 1406
New York, NY 10007
212.402.1461

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

Rokayia Aglonu,

                            Plaintiff,

- against –

Peter T. Roach & Associates, P.C., and
Stephen Einstein & Associates, P.C.

                            Defendants.
-----------------------------------------------------------------x

Case No.: 14 CIV 8399

Briccetti, J.


# MEMORANDUM OF LAW IN REPLY TO OPPOSITION OF MOTION TO DISMISS COMPLAINT AS AGAINST STEPHEN EINSTEIN & ASSOCIATES, P.C.


Anthony S. Poulin (9331)
Stephen Einstein & Associates, P.C.
20 Vesey Street, Ste 1406
New York, NY 10007
212.402.1406
apoulin@stepheneinstein.com


**New York, NY**
**March 25, 2015**


1

## TABLE OF CONTENTS

**PAGE**

I.      INTRODUCTION………………………………………………………… 3

II.     ARGUMENT……………………………………………………………4

      a.  Audio Recording Admissible Extrinsic Evidence to Impeach Plaintiff's
          Sworn Testimony……………………………………………………………4

      b.  Discovery Not Mandatory for a 12(b)(6) Motion to be Converted Into
          Summary Judgment under Rule 56………………………………………..7

      c.  The July 2013 Letter is Admissible Extrinsic Evidence……………………..8

      d.  Paragraph 55 of Plaintiff's Amended Complaint Is Insufficient to State a
          Cause of Action as Alleged…………………………………………11

III.    CONCLUSION…………………………………………………………12

## I.    INTRODUCTION

Stephen Einstein & Associates, P.C. ("Defendant") hereby submits this memorandum of law and attached submissions in reply to Plaintiff's opposition to Defendant's motion to dismiss the first amended complaint pursuant to Fed. R. Civ. P. 12(6)(b) and (d).

Plaintiff's affidavit in opposition contains willfully false statements made for the sole purpose of deceiving this Court into believing she should be allowed to procedure with her claim and defeat Defendant's motion to dismiss. As a result her entire testimony concerning the basis for this action should be heavily scrutinized and considered to lack in veracity.

Summary judgment in favor of the Defendant is proper as the extrinsic evidence offered should be deemed to be properly authenticated and admissible, of which, the evidence conclusively establishes that Plaintiff first became aware of this matter on July 26, 2013 after receiving a letter from Defendant containing the required FDCPA disclosures. This would render the causes of action under 15 U.S.C. § 1692g(a) moot. Furthermore, Plaintiff's remaining causes of action arising under 15 U.S.C § 1692 should also be dismissed because the November handwritten communication itself, on its face, does not make a false representation, does not threaten to take actions which legally cannot be taken, and is not deceptively trying to obtain information from the consumer to collect a debt.

The remaining cause of action under 15 U.S.C § 1692f(1) should also be dismissed, because regardless of whether Plaintiff believes the judgment should or should not have been entered against her, the fact remains that at the time Defendant sought to

collect the debt in question by serving an income execution they were permitted by law to do so, because such acts are permitted by law in New York when there is an entered judgment.

## II.    ARGUMENT

### a.  Audio Recording Admissible Extrinsic Evidence to Impeach Plaintiff's Sworn Testimony.

In opposition to Defendant's motion plaintiff submits her own affidavit which alleges, "I first learned of the lawsuit Defendants brought against me in November 2013, when I learned from my employer that I was going to have my wages garnished." *ECF Doc 32 para. 14*. Plaintiff also alleges that the July 2013 letter (*ECF Doc 18*-4) from Defendant was never received. *ECF Doc 32 para 20-21*. Plaintiff makes these sworn statements "under the penalty of perjury" in paragraph 2 of her affidavit.

As set forth herein and in the Affidavits of Eugene Clevinger ("*Clevinger Aff*") and Raymond Goodsen ("*Goodsen Aff*"), and corroborated by an audio recording annexed hereto, these statements are patently false as there is admissible extrinsic evidence which clearly establishes the Plaintiff was not only aware of the lawsuit on July 26, 2013, but also that she did in fact receive the disputed letter from Defendant at that time. These willful misrepresentations are extremely material in nature, and not mere inconsequential "white lies", because the truth of these statements are the determinate factor as to whether Plaintiff can maintain her claims.

It is widely accepted that an audio recording is admissible provided the recording is authenticated pursuant to Federal Rules of Evidence ("FRE") 901 and is relevant as set forth in FRE 401. See, U.S. v. Rivers, No. 3:11-00194, 2013 WL 3937026 (M.D. Tenn.

4

July 30, 2013) (Proponent must authenticate the recording, argue its purpose and relevancy, and put forth any hearsay exception(s).); and <u>United States v. Tropeano</u>, 252 F.3d 653, 661 (2d Cir. 2001) (("the standard for authentication, and hence for admissibility, is one of reasonable likelihood." quoting United States v. Holmquist, 36 F.3d 154, 168. Finally, Fuentes also noted that "this Circuit has never expressly adopted a rigid standard for determining the admissibility of tape recordings."))

FRE 901(a) states that to authenticate, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.", and FRE 901(b)(1) sets forth that you can satisfy authentication requirement with "testimony of witness with knowledge." See, <u>Fed. R. Evid</u>. 901(a) and <u>Fed. R. Evid.</u> 901(b)(1). It is widely agreed among the courts that the recordings are admissible provided the identity of the speaker is established. See, <u>U.S. v. Console</u>, C.A.3 (N.J.) 1993, 13 F.3d 641, (Content of telephone conversation combined with caller's self-identification sufficiently supported finding that defendant was the caller, such that witness' testimony regarding content of telephone conversation was admissible.); <u>U.S. v. Biondo</u>, C.A.8 (Mo.) 1973, 483 F.2d 635, (Telephone conversation is admissible provided that identity of speaker is satisfactorily established.); and <u>U.S. v. Alessi,</u> C.A.2 (N.Y.) 1980, 638 F.2d 466, (Telephone conversation in which witness arranged with defendant to purchase at a discount airline tickets which were obtained by use of stolen airline credit cards was properly authenticated and therefore admissible in prosecution for conspiracy to use stolen airline credit cards to obtain airline tickets for sale and use.)

Here, the affidavits of Eugene Clevinger and Raymond Goodsen conclusively establish that the audio recording in question is in fact a recording between the Plaintiff

and Mr. Goodsen, and that the audio recording is a true and exact copy of the digital

recording made contemporaneously on July 26, 2013. (*See Clevinger Aff and Goodsen*

*Aff).*

      The identities of the speakers in the audio recording lack any threat of potential

misidentification because the plaintiff clearly identifies herself in the recording, as does

Mr. Goodson. (*Goodsen Aff at para 2,* 3) Therefore, there can be no material dispute of

fact as to the authenticity of the audio recording being what it purports to be.

      Finally, the audio recording itself is highly relevant because evidence of the date

and time of the conversation is the threshold issue as to whether Plaintiff can maintain

her lawsuit against Defendants as alleged.

      The recording also meets the exclusion from hearsay, FRE 801(2) allows for

exclusions to the general hearsay objections for inconsistent statements by the opposing

party to impeach the testimony made under oath. *Fed. R. Evid. 801.* Here, Plaintiff's

affidavit in opposition is a sworn statement under oath and contains testimony which is

inconsistent with her prior statements made on July 26, 2013 and contained in the

admissible audio recording; therefore the admission of the prior statements of Plaintiff

are not hearsay and are admissible to impeach under FRE 801.

      Specifically, beginning 00:52 of the recording and after the automated mini-

miranda and recording disclosure, Mr. Goodson identifies himself to the caller who

immediately identifies herself as the Plaintiff. At the 01:00 mark Plaintiff states "I am

getting some, uh, harassment letter from you guys…[some what?]..some letter, about

some debt.." (*Exhibit A at 00:52*)

At the 01:14 mark Mr. Goodson asks Plaintiff what the SE account number is on the letter she received. Plaintiff responds that the account number is 143770. Mr. Goodson later confirms Plaintiff's last four digits in her social security number. (*Exhibit A at 01:14*).

The recording directly contradicts the sworn testimony of the Plaintiff who claims to have never received the letter, spoke to anyone on July 26, 2013, or otherwise have any knowledge of that matter prior to November 2013. The recording unequivocally establishes that Plaintiff is lying to this court, presumably for the sole purpose of maintaining her complaint against the defendants, in bad faith, as the question of the date of her knowledge of that matter is the threshold question in whether she can maintain her lawsuit past this stage.

**b. Discovery Not Mandatory for a 12(b)(6) Motion to be Converted Into Summary Judgment under Rule 56.**

In opposition, the Plaintiff argues that Defendant's motion seeking to consider extrinsic evidence and convert to a summary judgment should not be considered because there has not yet been an opportunity to conduct discovery. Specifically, Plaintiff calls into question the authenticity of the letter(s), whether it was sent and where it was received.

As set forth previously, extrinsic evidence may be considered by the court and the 12(b)(6) motion converted to a Rule 56 motion for summary judgment, at the discretion of the court. (See Bangor Baptist Church v. State of Me., Dept. of Ed. and Cultural Services, D.C.Me.1981, 92 F.R.D. 123; and Frasier v. U.S. Dept. of Health and Human

Services, N.D.N.Y.1991, 779 F.Supp. 213). There is no mandatory rule which requires discovery be conducted in order for the court to exercise that discretion.

While Plaintiff is correct that there are instances where the converting of a 12(b)(6) motion to one for summary judgment would not be appropriate due to a lack of formal disclosure, this is not one of those occasions. Here, the extrinsic evidence to be considered deals directly with the threshold issue in the amended complaint, the date in which the Plaintiff became aware of the lawsuit and the receipt of the letter with the required FDCPA disclosures.

Plaintiff in opposition attempts to cast doubt on the admissibility of the extrinsic evidence and goes as far as to submit a false affidavit disclaiming receipt of the letter or contact with Defendant on July 26, 2013 in an attempt to characterize the dispute as a clear issue of fact, or at a minimum an issue which would require formal discovery.

Defendant respectfully submits that based on the aforementioned reasons the court exercise it's wise and just discretion and allow this motion to be converted into a summary judgment and consider the extrinsic evidence offered.

**c.  The July 2013 Letter is Admissible**

In opposition the Plaintiff argues that even if this court is to consider Defendant's motion one for summary judgment under Rule 56, the July 2013 letter provided and attested to by Stephen Einstein should not be considered because it is not properly authenticated.

Admissibility of business records or records of a regularly conducted activity are set forth is FRE 803(6) which states:

A record of an act, event, condition, opinion, or diagnosis if:

(A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
(C) making the record was a regular practice of that activity;
(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

The affidavit of Stephen Einstein clearly states he has knowledge of the events and the record, and that the business record in question, the letter, is a true and exact copy of the record kept in the regular course of business and was created and mailed to the Plaintiff on July 18, 2013. (*ECF Doc. 21*).

Plaintiff's objection is to the form of the affidavit, specifically that it fails to state that it was the regular practice of Defendant to make the record. It should go without saying that a debt collection law firm creating and sending initial demand letters as a regular practice, however, even if the court agrees that the form of the affidavit seeking to authenticate the letter is defective, it can still be admissible because the content of the evidence is not in dispute, only the form.

Rule 56 permits the submission or a reply and supporting affidavits in reply in order to respond to arguments asserted in oppositions as well as clarification of their own arguments. See, <u>Millage v. City of Sioux City</u>, 258 F. Supp. 2d 976, 983 n.2 (N.D. Iowa 2003) (―[T]he purpose of a reply is . . . to address ‗newly-decided authority or to respond to new and unanticipated arguments made in the resistance.'‖ (quoting N.D. IOWA CIV. R. 7.1(g))); <u>Travelers Ins. Co. v. Buffalo Reinsurance Co.</u>, 735 F. Supp. 492, 495 (S.D.N.Y. 1990), vacated on other grounds, 739 F. Supp. 209 (S.D.N.Y. 1990) (allowing moving party to submit reply papers ―to avoid giving an unfair advantage to

the answering party who . . . argue[d] . . . previously unforeseen issues‖); Krause v. Buffalo and Erie County Workforce Dev. Consortium, Inc., 426 F. Supp. 2d 68, 91 (W.D.N.Y. 2005) (noting defendants' submission of a reply affidavit disputing ―statements made in opposition to summary judgment‖); Thornton v. Mercantile Stores Co., 13 F. Supp. 2d 1282, 1284 n.1 (M.D. Ala. 1998) (noting defendant's argument that ―attaching evidence to reply briefs is a routine practice in federal courts‖); McCulley v. Allstates Technical Services, No. Civ.A. 04-0115-WS-B, 2005 WL 1475314, at *9 n. 24 (S.D. Ala. June 21, 2005) (referring to party's submission of affidavit with its reply brief).

In fact, the Southern District of New York ("SDNY") has already ruled at reply affidavits are appropriate and not an ambush on opposing party when they are in response to allegations initiated by the opposing party. See Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc., 767 F. Supp. 1220, 1224 (S.D.N.Y. 1991) rev'd, 967 F.2d 742 (2d Cir. 1992), as amended (Sept. 23, 1992) (Rule 6(d) ―clearly‖ addressed supporting and opposing affidavits, but held that the rule's silence as to reply affidavits allowed such papers when they ―address new material issues raised in the opposition so as to avoid giving unfair advantage to the answering party. Because the defendant's reply affidavit only responded to matters asserted in opposition to its motion, the court concluded that the reply affidavit should be considered).

Here, the submission of a reply affidavit for Stephen Einstein ("*Einstein Aff*") only corrects the form not the contents of the statements contained therein, and poses no danger of raising unforeseen issues or prejudicing Plaintiff; additionally the reply affidavits of Raymond Goodsen and Eugene Clevinger are made in direct response to

issues raised directly by Plaintiff in opposition and therefore the court can properly

consider the reply affidavits.

**d.  Paragraph 55 of Plaintiff's Amended Complaint Is Insufficient to State a Cause of Action as Alleged**

Plaintiff's final argument in opposition is that Defendant does not understand the

complaint as alleged with respect to paragraph 55 of the first amended complaint which

states:

> Mr. Goodsen's note shows that, at the time the November 2013 communication
> was sent, Einstein knew the underlying facts of the situation (that Westchester Medical
> Center had erred in billing Medicaid; that Medicaid had demanded a return of payments it
> had made; and that Local 1199 SEIU insurance coverage was rejected this two-year old
> bill.)

As set forth in Defendant's motion papers, the note in question was a thirteen (13)

word handwritten note along with a copy for Westchester Medical Center's billing

statement, sent to the Plaintiff at her request. It is a herculean feat of logic leaping to

review that note and conclude that the note itself shows, as Plaintiff's opposition states,

that the Defendant knew the default judgment was materially false and they knew the

judgment to be infirm. Furthermore, the fact Plaintiff spent several paragraphs in

opposition attempting to explain what paragraph 55 of the amended complaint means

suggests that it is not properly pled as is.

In deciding a Rule 12(b)(6) motion to dismiss, a court must "accept as true all of

the factual allegations contained in the complaint" and "draw all reasonable inferences in

[the] plaintiff's favor." However, a court need not accord "legal conclusions, deductions

or opinions couched as factual allegations ... a presumption of truthfulness." To survive a

motion to dismiss, the pleading must contain "sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.' "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." See, Wooten v. U.S. Dep't of Health & Human Servs. - Office of Civil Rights, No. 10 CIV. 3728 SAS, 2011 WL 536448, (S.D.N.Y. Feb. 15, 2011).

As set forth in Defendant's motion to dismiss, the communication itself is all the court is to consider as to whether it does or does not violate the statute. Plaintiff is asking this court to draw unreasonable inferences from the communication to satisfy her legal theory; specifically that a handwritten note sent to Plaintiff by a non-attorney employed by Defendant, at her request, with a billing statement, is in and of itself proof that Defendant had knowledge that the judgment against Plaintiff was false and a violation of 15 USC 1692f(1).

This is clearly a legal conclusion couched as a factual allegation and lacks any facial plausibility. As such, the amended complaint should be dismissed.

## III.    CONCLUSION

This court should exercise its sound discretion and admit the extrinsic evidence provided by Defendant and convert all or part of Defendant's motion to dismiss into a motion for summary judgment based upon Defendant's proper authentication of the July 2013 Letter, the July 26, 2013 audio recording, and the November 2013 handwritten communication, and the highly relevant value of the extrinsic evidence to the threshold issues of this case.

That the July 26, 2013 audio recording unequivocally establishes that Plaintiff did in fact first contact Defendant and have knowledge of the lawsuit on July 26, 2013 and not in November 2013 as Plaintiff swore to in her affidavit in opposition, which has been exposed as a false affidavit containing material misrepresentations in bad faith.

That the July 2013 Letter is the initial communication which contains the required disclosures under 15 U.S.C. § 1692g(a), and therefore the November handwritten communication does not violate § 1692g(a).

That the November 2013 handwritten communication when reviewed within the four corners of the document does not make a false representation, does not threaten to take actions which legally cannot be taken, and is not deceptively trying to obtain information from the consumer to collect a debt. The communication itself clearly just advises the Plaintiff that the itemized statement she requested is being sent to her to help her with the 1199 case.

That Plaintiff's Amended Complaint fails to state a cause of relief can be granted with respect to all causes of action directly arising from paragraph 55, because it is a legal conclusion couched as a factual allegation that asks the court to draw an incredibly unreasonable inference, that the November 2013 handwritten communication shows Defendant had absolute knowledge that the judgment against Plaintiff was false and unenforceable.

For the reasons set forth herein, Defendant respectfully demands that Plaintiff's Amended Complaint be dismissed in its entirety against Defendant and for any other relief which the court deems just and proper.

**New York, NY**                    **Respectfully Submitted**
**March 25, 2015**


                                     **S/ *Anthony S. Poulin***
                                     Anthony S. Poulin (9331)
                                     Stephen Einstein & Associates, P.C.
                                     20 Vesey Street, Ste 1406
                                     New York, NY 10007
                                     212.402.1461
                                     apoulin@stepheneinstein.com